**REYES v. UNITED STATES.**

**Civ. No. 4895.**

United States District Court
D. Puerto Rico, San Juan Division.
Nov. 9, 1948.

E. Martinez Rivera, Louis Blanco Lugo and Fernando Fornaris, Jr., all of San Juan, P. R., for plaintiff.

Philip F. Herrick, U. S. Atty. of San Juan, P. R., for defendant.

CHAVEZ, District Judge.

1. On April 22, 1945, at about 5:30 o'clock in the afternoon, at a point between kilometers 12.8 and 12.9 of Highway Number 2, a collision occurred between a truck of the Auto Car semi-trailer type belonging to the Navy of the United States and a Chevrolet Sedan, 1940, model, bearing license Number PA–1103, belonging to the plaintiff Felix Reyes.

2. At the time of the accident the Navy truck was being driven by Jack Fulcher, an enlisted man of the Navy, then acting on official duty. Lieutenant (J. G.) Fred V. Maloon, Jr., was riding in the front seat of the Navy truck as a passenger. The automobile PA–1103 was being driven at the time of the accident by the plaintiff Felix Reyes, and was transporting six paying passengers. The Navy truck was loaded almost to its 5-ton capacity with obsolete ammunition.

3. At the place where the accident occurred the paved part of the highway measures twenty-seven feet wide. The shoulder of the highway on the north side is seven feet wide, and the shoulder on the south side is ten feet wide. The highway runs in a general east and west direction at the point of the accident and there is a slight curve which does not obstruct the view and also a slight grade. At the time of the accident the weather was clear and the surface of the highway was dry and clean.

4. When the accident occurred plaintiff's car was traveling up the slight grade at a speed of about forty miles per hour in a westerly direction facing the setting sun. The sun visors in the plaintiff's car had been lowered since the sun affected his vision. The Navy truck was traveling in an easterly direction at a speed of approximately twenty-five to thirty miles an hour, with the sun at its back.

5. Immediately preceding the accident plaintiff's car was occupying the fourth

place in a line of cars which was traveling in the opposite direction that the Navy truck was traveling. Plaintiff's car pulled out of line to pass the cars ahead of him. In order to do this plaintiff's car crossed to the left-hand side of the center of the road. This led to the collision with the Navy truck which was traveling in the opposite direction and by that time had reached the point of the accident.

6. The Navy truck was traveling on its right-hand side of the road. In order to avoid the collision with plaintiff's car the Navy truck pulled over to the extreme edge of the paved part of the highway. Notwithstanding, plaintiff's car struck a glancing blow or side-swiped the left side of the Navy truck thus causing plaintiff to lose control of his car which crossed to the left-hand side of the highway behind the Navy truck coming to rest on its left side in a ditch.

7. The space available between the cars traveling ahead of plaintiff's car and the Navy truck coming in the opposite direction did not allow plaintiff sufficient clearance to pull out of line and pass between the Navy truck and the line of cars ahead of him. The paved part of the highway at the point of the accident was twenty-seven feet wide. The Navy truck was 7½ feet wide. Plaintiff's car was 5½ feet wide and plaintiff, at the time of the accident, was abreast another passenger car about 5½ feet wide. Neither the Navy truck nor the cars that plaintiff was passing at the time of the accident were traveling on the extreme edge of their respective sides of the highway. The accident occurred at a point on the highway where there is a slight curve.

8. Plaintiff was driving under the influence of alcohol at the time of the accident. A strong alcoholic breath was noticed on plaintiff at the place where the accident occurred and upon reaching the hospital immediately after the accident.

9. As a result of the accident, plaintiff's left arm had to be amputated near the shoulder, thus being at present permanently and partially incapacitated to perform labor as chauffeur.

10. Plaintiff suffered intense physical pain and mental anguish as a result of the accident.

### Conclusions of Law.

The accident between the automobile driven by plaintiff and the Navy truck and the injuries sustained by plaintiff and damages to his automobile as a result of said accident were caused solely and exclusively by plaintiff's own negligence.

Said negligence consisted in that plaintiff was driving under the influence of alcohol at the time of the collision between his car and the Navy truck; in that plaintiff pulled out to his left from the line of cars in which he was traveling in order to pass the cars ahead of him at the time when the Navy truck was coming towards him and in so doing drove his car over to the left side of the center of the highway; in trying to pass a line of cars while going up a slight grade and around a slight curve at a time when there was not sufficient space to do so due to the fact that the defendant's truck was coming in the opposite direction.

The accident was caused by the negligence of the plaintiff, and he is therefore precluded from recovering any damages.